LEIGH M. CLARK, Retired Circuit Judge.
Rudolph Chapman, Jr., was found guilty by a jury of burglary in the third degree and was sentenced to imprisonment for fifteen years upon a sentence hearing at which, after he had been given due notice that the State would proceed against him under the Habitual Felony Offenders Act, it was proved he had been previously convicted of three felonies.
Appellant’s first contention for a reversal is that there was no “penetration of the space within the building by some part of the body of defendant, or an accomplice of the defendant, or by an instrument inserted for the purpose of perpetrating” a crime in the building. We disagree with appellant in his conclusion as to the evidence as a whole. No eyewitness testified as to any entry into the building, but the undisputed evidence shows that the incident upon which the indictment was based activated the burglar alarm. In addition, and more importantly, an investigator of the Phenix City Police Department testified that soon after the burglar alarm was first heard, he went to the scene, observed where “4 or 5 screws had been removed from the building and the sheet metal had been pried back by hand” and “obtained a palm print from outside of the building and also several latent prints from the inside of the building where the metal had overlapped the other pieces of metal.” He further said that he turned the known print card of defendant and the latent “prints that I had taken that night over to Captain Harbart.” Captain Aubrey Harbart of the Phenix City Police Department testified as a fingerprint identification expert that there “were 12 points of comparison on the latent prints that were comparable with the known print of Mr. Chapman.” The evidence is not as clear and definite on the point as it should be, but it is sufficient, in our opinion, to constitute substantial evidence that one or more fingers of defendant were inside the building at or about the time the burglar alarm was sounded.
Appellant insists also that there was no substantial evidence to the effect that any entry by him into the building was “with intent to commit a crime therein,” which is a requisite of burglary in the third degree. Alabama Criminal Code, § 13A-7-7(a). Defendant emphatically denied in his own testimony that he had any criminal intent in going to the particular building, a *429 building owned by Earl McQuinn Van Service, by whom defendant was employed and for whom defendant had been working for about six weeks. He testified he had left some money in the building and that an emergency had arisen by an opportunity he had that night to rent a desirable apartment and he returned to the building for some money of his own he had left in the building. It is not for us to say that he intended to commit a crime within the building, but the circumstance that when he was first questioned as to any connection with the cause of the activation of the burglar alarm he denied any knowledge thereof and the additional circumstance that he fled from the scene constitute substantial circumstantial evidence of his guilt of the essential element of an “intent to commit a crime” within the building.
The two issues considered above are the only issues presented in appellant’s brief. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.